**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KENDALE D. JAMISON,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-0046-A** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Kendale D. Jamison, TDCJ-ID #1052509, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

In August 2000, Jamison was charged in a two-count indictment with possession of cocaine

with intent to deliver (count one) and possession of cocaine (count two) (State Habeas R. at 78.) The indictment also included an enhancement paragraph alleging a prior 1995 felony conviction for possession of cocaine. (*Id.*) In July 2001, a jury found Jamison guilty on count one. (*Id.* at 40.) Thereafter, Jamison pled true to the enhancement allegation, and the jury assessed his punishment at sixty years' confinement and a $10,000 fine. (*Id.* at 55.) Jamison appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Jamison's petition for discretionary review. *Jamison v. Texas,* No. 2-01-308-CR, slip op. (Tex. App.–Fort Worth 2002); *Jamison v. Texas*, PDR No. 1688-02. Jamison did not seek writ of certiorari. (Petition at 3.)

In addition, Jamison has filed a state application for writ of habeas corpus raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Jamison*, No. 58,984-01, at cover. Jamison filed this federal petition for writ of habeas corpus on January 25, 2005.[1]

D. ISSUES

In four grounds, Jamison raises the following claims:

(1) The evidence was insufficient to support his conviction;

(2) He was subjected to ineffective assistance of counsel;

(3) The trial court violated his due process rights in responding to the jury notes; and

(4) He is actually innocent of the offense. (Petition at 7-8.)

[1]Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Jamison does not indicate the date he placed his petition in the prison mailing system; thus, he is not entitled to the benefit of this rule.

### E. Rule 5 Statement

Dretke does not believe Jamison's claims are barred from federal habeas review by the statute of limitations, a failure to exhaust state remedies, a procedural bar, or non-retroactivity. (Resp't Answer at 2.)

### F. Discussion

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are

presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. Sufficiency of the Evidence

Jamison contends the evidence was legally insufficient to link him to the cocaine. (Pet'r Memorandum 2-4.) The testimony at trial showed that in the early morning hours of May 26, 2000, Fort Worth Police Officers Danford, Sims, Kimball, and Raynsford received information about suspicious activity at the Prince Hall Two Apartments on East Berry Street in Fort Worth, a high crime area. (4Rep. R. at 14.) When they arrived at the apartments, the officers saw a group of five or six men standing together. (*Id.* at 23-24, 37, 46.) Officer Danford saw Jamison walk away from the group and throw a dark object down by the left front tire of a car. (*Id.* at 24.) When the officers approached the group, Jamison ran. (*Id.* at 24-25.) On direct examination, Officer Danford testified that he searched the area where Jamison dropped the object and found only a baggie containing five

small baggies of crack cocaine and one die. (*Id.* at 26, 29.) On cross-examination, Officer Danford testified that the second die and two bags of marijuana that somebody had thrown were also found "down there." (*Id.* at 39.) Officer Kimball testified that after apprehending Jamison he recovered $615.50 from his right front pants pocket and that Jamison told him he had been playing dice. (*Id.* at 72, 75, 85-86.) Officer Kimball further testified that none of the other individuals detained and interviewed had large sums of money on them. (*Id.* at 87.) Fort Worth Police Sergeant Tebay, a field supervisor for the Tarrant County Narcotics Intelligence Coordination, testified that he would consider an individual in possession of the amount of cocaine and money recovered to be a dealer. (5Rep. R. at 8.)

Jamison argues, as he did in state court, that the evidence was legally insufficient to support his conviction because the only evidence linking him to the cocaine was the questionable testimony of Officer Danford, which was confusing and vague as to the location and proximity of the marijuana to the cocaine. (Pet'r Memorandum of Law at 2-4.) The state appellate court, applying *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), determined that the evidence was legally sufficient to support the trial court's judgment. The court stated:

> While we agree that it would have been better practice to have asked the officer specifically where the marijuana was found in relation to the cocaine, we cannot say that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt, when the evidence is considered in the light most favorable to the prosecution. . . . The jury, not this court, had the opportunity to observe the witnesses and their demeanor and to determine the credibility of each witness and the weight to be given their testimony. The jury was also able to hear the inflections of voice, to observe gestures and facial expressions, and generally to determine what a witness intended by that witness's testimony.

*Jamison*, No. 2-01-308-CR, slip op. at 5-6.

On federal habeas review, a court is not permitted to make its own subjective determination

of guilt or innocence. *Id.* at 320 n.13. The jury is free to choose among all reasonable constructions of the evidence. *United States v. Garcia*, 86 F.3d 394, 398 (5th Cir. 1996). It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. *United States v. Lage*, 183 F.3d 374, 382 (5th Cir. 1999). Our review is thus limited to whether the jury's verdict was reasonable, not whether we believe it to be correct. This standard of review is the same regardless of whether the evidence is direct or circumstantial. *Id.* Further, it is the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 318-19. When faced with a record that arguably supports conflicting inferences, courts must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. *Id.* at 326.

Applying these principles to Jamison's case, an independent review of the evidence does not indicate that the evidence was insufficient to support the jury's verdict or that the state court's application of the *Jackson* standard was unreasonable in light of the evidence. Any ambiguities in the officer's testimony or confusion as to the location and proximity of the marijuana to the cocaine were the responsibility of the jury to resolve. It was not irrational for the jury to decide that although marijuana was found "down there," it was not found under the left front tire of the car where Jamison had thrown down an object.

3. Ineffective Assistance of Counsel

Jamison contends he received ineffective assistance of trial counsel because counsel failed to convey to him a five-year plea offer made by the state. (Petition at 7, Pet'r Memorandum of Law at 4-6; State Habeas R. at 16.) According to Jamison's affidavit filed in the state habeas proceeding,

he did not become aware of the plea offer until long after his trial when he received and reviewed a copy of his trial records from the trial court clerk. (State Habeas R. at 18.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland.* 466 U.S. at 688. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89.

Jamison raised his ineffective assistance claim in his state habeas application. In support of his assertion that counsel never conveyed the plea offer to him, he attached his own unsworn statement and pointed out that counsel did not cause the record of the pretrial proceedings to reflect that counsel had conveyed the plea offer to him, a well-established and common practice under these circumstances. (State Habeas R. at 8-10, 15-49; Pet'r Memorandum of Law at 5-6.) Pursuant to court order, counsel filed an affidavit addressing Jamison's claim. (State Habeas R. at 67-69.) In his affidavit, counsel states that he discussed the five-year plea offer with Jamison during an appointment on February 21, 2001 at 5:00 p.m. and that Jamison flatly rejected it. (*Id.*) Counsel also attached a copy of a page in his appointment book verifying the date and time of the appointment and a copy of the state's letter setting forth the terms of the plea offer with his notes on the face indicating that Jamison rejected the offer. (*Id.* at 68-70.) After holding a hearing by affidavit, the trial court found counsel had informed Jamison of the state's plea offer but that

Jamison had rejected it. (*Id.* at 68-69 72-73.) Based on its findings, and applying the *Strickland* standard, the court determined that Jamison received effective assistance of counsel and recommended denial of habeas relief. (*Id.* at 73, 77.) Thereafter, the Texas Court of Criminal Appeals denied relief without written order on the trial court's findings. *Ex parte Jamison*, No. 58,984-01, cover.

Where, as here, a petitioner's ineffective assistance claim has been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 522 U.S. 825 (2004). Under this standard, the state courts' application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Jamison attempts to discredit counsel's affidavit in his federal petition by reiterating that the record of the pretrial proceedings is devoid of any proof that counsel conveyed the plea offer to him and by asserting that the appointment with counsel on February 21, 2001 was after the date he was to either accept or reject the offer and was with his wife to execute and complete an affidavit regarding another unrelated criminal case. (Pet'r Reply at 1-2 & Attachment.) The state habeas court, however, is responsible for making credibility determinations and resolving any inconsistencies in the evidence. *See Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997). The trial court apparently accorded credibility to counsel's affidavit, and this credibility determination is entitled to a presumption of correctness, absent clear and convincing evidence to the contrary.

*See Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997). Thus, assuming the state trial court's factual findings to be correct, the state courts' application of *Strickland* was not objectively unreasonable. *See Bell*, 535 U.S. at 698. Failing to inform a defendant of a plea offer can amount to ineffective assistance of counsel, however, the record in the present case adequately supports the state court's finding that Jamison was informed of the plea offer and specifically rejected it. *See Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).

4. Jury Instructions

Jamison contends his due process rights were violated by the trial court's failure to respond or to properly respond to seven notes from the jury during deliberations and to make a determination under article 36.28 of the Texas Code of Criminal Procedure as to whether or not the jury was entitled to requested evidence. (Petition at 7; Pet'r Memorandum at 6-8.) *See* TEX. CODE CRIM. PROC. ANN. art. 36.28 (Vernon 1981). Jamison raised this claim for the first time in his state habeas application. The state trial court found that the claim was not cognizable in a writ of habeas corpus, and the Texas Court of Criminal Appeals denied relief on that basis. (State Habeas R. at 74.)

Federal courts are precluded from granting habeas relief where the last state court to consider the claim expressly and unambiguously denied relief on an independent and adequate state law procedural ground. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state court's basis for denying Jamison's claim is an adequate and independent state ground precluding federal habeas review.[2] Under these circumstances, federal habeas corpus relief is barred unless the petitioner can

[2]A federal court is authorized to note a procedural default sua sponte. *See Johnson v. Cain*, 215 F.3d 489, 495 (5th Cir. 2000); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998). Moreover, the fact that the state trial court alternatively addressed the merits of Jamison's claim does not prevent its procedural default determination from being an independent basis that bars review (continued...)

show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime for which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman*, 501 U.S. at 750; *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001). Jamison has not pled cause and prejudice nor has he demonstrated that he is actually innocent of the offense for which he was convicted. *See discussion infra*. Accordingly, Jamison's claim, not properly raised in state court, is barred from federal review.

5. Actual Innocence

Finally, Jamison contends a grave miscarriage of justice will occur if the court does not entertain his claim because he is innocent. (Petition at 8; Pet'r Memorandum of Law at 8-9.) In support, he relies primarily on the alleged questionable testimony of Officer Danford and the jury's apparent confusion regarding the officer's testimony and the proximity of the marijuana to the cocaine. As previously noted, however, these were matters for the jury to resolve.

A claim of actual innocence independent of constitutional infirmity at trial is not cognizable in habeas proceedings. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). Further, to be credible, a claim of actual innocence must be based on reliable evidence *not* presented at trial. *Calderon v. Thompson*, 523 U.S. 538, 540 (1998); *Schlup v. Delo*, 513 U.S. 298 324 (1995). Actual innocence means "factual innocence" and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Thus, where a petitioner

---

[2](...continued)
by the federal courts. *See Cotton v. Cockrell*, 343 F.3d 746, 754 (5th Cir. 2003); *Foster v. Johnson*, 293 F.3d 766, 790 (5th Cir. 2002).

asserts his actual innocence of the crime, he must show, as a factual matter, that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. *Calderon*, 523 U.S. at 559; *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Jamison presents no new evidence in support of his claim. Thus, there is no basis for a finding that a miscarriage of justice has occurred.

## II. RECOMMENDATION

Jamison's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 27, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 27, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 6, 2005.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE